# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

_____

    *

Appellant,

    *

    *

    *

Transport Company, Inc.; Ellsworth      Western District of Arkansas

    *

    *     [UNPUBLISHED]

    *

    *

Appellees.

_____

Filed: November 9, 1998

Befo   McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPAR ARNOLD, Circuit Judges.

PER CURIAM.

                                       t Court

for the Western District of Arkansas granting summary judgment for defendants

---

[1]The Honorable Harry

Transport Company, Inc. (Transport), and Ellsworth Motorfreight Lines, Inc. (Ellsworth), on Murphree's claim of employment discrimination in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213. For reversal, Murphree contends that the district court erred in concluding that Murphree failed to show he was "disabled" as that term is defined by the ADA. For the reasons discussed below, we affirm the judgment of the district court.

While employed by Transport, Murphree injured his back and neck in July 1992, had a cervical fusion performed in January 1993, and re-injured his back and neck in May 1994. Murphree alleged that, because of his resulting disability, Transport discriminated against him in the terms of his employment and denied him reasonable accommodations. Murphree claimed that after Ellsworth acquired his department in November 1994, it forced Murphree to resign because of his disability.

We review the grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As to the first element of his ADA claim, Murphree was required to show that he had a disability within the meaning of the ADA. See Gutridge v. Clure, 153 F.3d 898, 900 (8th Cir. 1998). Murphree was therefore required to demonstrate that his physical impairment "substantially limit[ed]" at least one of his "major life activities." 42 U.S.C. § 12102(2)(A).

We conclude Murphree failed to demonstrate that his physical impairment substantially limited in his ability to perform any major life activity. See 29 C.F.R. § 1630.2(i) & Part 1630 app. § 1630.2(i) (1997) (defining "major life activities"); Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1206-07 (8th Cir. 1997) (defining "substantially limits"). Murphree's evidence on this issue consisted of the affidavit of Dr. Jim Moore, a neurosurgeon, who evaluated Murphree after examining him once in

October 1996 and reviewing his medical records. Dr. Moore attested that since June 1992 Murphree had a "physical impairment" substantially limiting him in "major life activities," including lifting, driving, and carrying, and that after the May 1994 re-injury he was substantially limited in additional "major life activities," including writing and grasping.

Even assuming Dr. Moore's affidavit could have supported Murphree's claimed disability, cf. Jackson v. Anchor Packing Co., 994 F.2d 1295, 1304 (8th Cir. 1993) (conclusory affidavits, even from expert witnesses, do not provide basis for denying summary judgment motion), any probative value in such affidavit was negated by Dr. Moore's later deposition testimony that he could render opinions about Murphree's limitations and restrictions only as of October 1996 and "[a]nything else would be supposition"; that Murphree's condition could have progressively worsened prior to the October 1996 examination; and that Dr. Moore could not render an opinion as to appropriate restrictions in 1995 without having examined Murphree in May 1994, when he was re-injured. See Kneibert v. Thomson Newspapers, Mich., Inc., 129 F.3d 444, 455 (8th Cir. 1997) (to survive summary judgment, plaintiff "must provide sufficient, probative evidence" permitting fact-finder to rule in plaintiff's favor, rather than engaging in speculation).

Accordingly, we affirm the judgment of the district court.

RICHARD S. ARNOLD, Circuit Judge, concurring in the result.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-